

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CMT INVESTMENTS, LLC, and RICHARD ERICKSON, <br><br> Plaintiff, <br><br> v. <br><br> HOANA MEDICAL, INC., <br><br> Defendant. | Case No. 11 C 3538 <br><br> Judge John W. Darrah |

# MEMORANDUM OPINION AND ORDER

Defendant, Hoana Medical, Inc. ("Hoana"), removed this case from state court on May 26, 2011. (Dkt. No. 1.) The operative Complaint appears to be an Amended Complaint filed by the Plaintiffs in state court on February 16, 2011. (*See* Dkt. No. 1-1 at 19-49, 53.) Before the Court is Hoana's Motion to Dismiss on the basis of improper venue and lack of personal jurisdiction.

## BACKGROUND

The following facts are taken from Plaintiffs' Amended Complaint and are accepted as true for purposes of resolving this Motion to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010).

Plaintiffs, CMT Investments, LLC ("CMT") and Richard Erickson (together, the "Plaintiffs"), allege that Hoana breached contracts regarding the sale of a $500,000 five-year bond by Hoana to each Plaintiff. CMT is an Illinois limited-liability company with its principal place of business in Chicago, Illinois. (Am. Compl. ¶ 2.) Erickson resides in Saratoga, California. (*Id.* ¶ 3.) Hoana is a Hawaii corporation with its principal place of

business in Honolulu, Hawaii. (*Id.* ¶ 4.) The amount in controversy exceeds $75,000. (*Id.* ¶ 5.)

Prior to the transaction at issue, Erickson and CMT had both invested in Hoana. (*Id.* ¶¶ 8-9.) Hoana's Chief Executive Officer is Patrick Sullivan. (*Id.* ¶ 10.) The managing members of CMT are Scott Casto and Jan-Dirk Lueders. (*Id.*) In the summer of 2009, Sullivan contacted Erickson, Casto, and Lueders in connection with Hoana's need for a temporary loan in order to satisfy the company's near-term cash flow needs. (*Id.*) Hoana expected a pending equity investment to be finalized in the future. (*Id.*)

Hoana prepared and circulated a "Memorandum of Terms for the Private Placement of Securities" to Erickson, CMT, and other third parties, which described the terms of the short-term financing sought by Hoana. (*Id.* ¶ 11.) On July 14, 2009, Sullivan sent Erickson and CMT a draft Convertible Debenture Purchase Agreement and related documents. (*Id.* ¶ 12.)

Erickson and CMT did not agree to the terms of the loan because the loan would only be due and payable after June 30, 2014. (*Id.* ¶ 13.) By contrast, Erickson and CMT understood that the loan would be short-term in nature. (*Id.*) Therefore, in response to Hoana's proposed terms, "CMT specified with Hoana that it needed the additional right to receive, after appropriate notice to Hoana, a pre-payment of the principal that it was considering investing, together with additional equity on the one-year anniversary of the debenture purchase." (*Id* ¶ 13.) On July 26, 2009, CMT, on behalf of itself and Erickson, proposed such language to Hoana in a document entitled "Form of Debenture – Senior Convertible Debenture." (*Id.* ¶ 14.)

2

In an email on July 27, 2009, Sullivan responded that rather than modifying the Debenture agreement, Hoana would prefer to issue a letter that reflected CMT's proposed language regarding prepayment. (*Id.* ¶ 15.) Sullivan attached a proposed letter to his email. (*Id.*) After minor modifications to the letter, Hoana, CMT, and Erickson signed the Letter Agreements on July 30, 2009 (the "Letter Agreements"). (*Id.* ¶ 16, Ex. B.)

CMT and Erickson purchased a $500,000 Convertible Debenture from Hoana. The terms of the purchase are documented in the Convertible Debenture Purchase Agreements (the "Debenture") dated August 3, 2009, which was executed between CMT, Erickson, other investors, and Hoana. (*Id.*, Ex. A.)

On June 30, 2010, CMT sent Hoana a letter, providing notice under the Debenture and Letter Agreements of a pre-payment request. (*Id.* ¶ 20.) Erickson also sent a substantially similar letter to Hoana seeking pre-payment on June 30, 2010. (*Id.*) Hoana has failed to fulfill its obligations under the Debenture and Letter Agreements to send CMT either the $500,000 in principal, a calculation describing the number of equity securities to be issued to CMT, or Hoana shares. (*Id.*)

In their Amended Complaint, Plaintiffs allege one count for breach of the Debenture and Letter Agreements against Hoana on behalf of CMT (Count I) and a second count for breach of the Debenture and Letter Agreements against Hoana on behalf of Erickson (Count II).

## ANALYSIS

Hoana argues that pursuant to Federal Rule of Civil Procedure 12(b)(3), Plaintiffs' Complaint should be dismissed for improper venue because CMT and Erickson are subject to arbitration provisions that provide for arbitration in

Honolulu, Hawaii. Federal Rule of Civil Procedure 12(b)(3) provides for the dismissal of an action for improper venue. *See* Fed. R. Civ. P. 12(b)(3). Dismissal of a case is appropriate when an arbitration agreement provides for arbitration in another district. *See Cont'l Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 733 (7th Cir. 2005) (*Continental Casualty*).

To its briefs in support of its Motion to Dismiss, Hoana has attached two contracts that contain arbitration clauses. Plaintiffs do not argue that these contracts are outside of the Amended Complaint. In any event, the contracts are properly considered by the Court in ruling on Hoana's Motion to Dismiss.

Federal Rule of Civil Procedure 12(d) provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

*See Loeb Indus., Inc. v. Sumitomo Corp.*, 306 F.3d 469, 479 (7th Cir. 2002) (stating that "Rule 12(b) requires that if the district court wishes to consider material outside the pleadings in ruling on a motion to dismiss, it must treat the motion as one for summary judgment and provide each party notice and an opportunity to submit affidavits or other additional forms of proof"). There is an exception to this general rule, however, where the attached material is expressly referenced in the complaint and is central to the plaintiff's claim. *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002).

Plaintiffs' Amended Complaint refers to two sets of documents entered into between Hoana and Erickson and Hoana and CMT: the August 3, 2009 Debenture and the July 30, 2009 Letter Agreements. The Debenture expressly states: "This Debenture

4

is one of a series of Convertible Debentures containing substantially identical terms and conditions issued pursuant to that certain *Convertible Debenture Purchase Agreement* dated _____, 2009." (Am. Compl., Ex. A at 1 (omission in original) (emphasis added).)

Hoana attached copies of the Convertible Debenture Purchase Agreements (the "Purchase Agreements") entered into between Hoana and CMT and Hoana and Erickson to its briefs in support of its Motion to Dismiss. (Mot., Ex. A; Reply, Ex. C.) Because the Debenture expressly references the Purchase Agreements and it is central to Plaintiffs' claim, it may be considered in ruling on Hoana's Motion to Dismiss.

Initially, Hoana did not attach a fully executed copy of a Purchase Agreement between Hoana and CMT to its opening Memorandum. (*See* Mot., Ex. B (attaching an undated Purchase Agreement, signed only by CMT).) In their response, Plaintiffs did not argue that the Court may not consider the Purchase Agreements pursuant to Rule 12(d). Instead, Plaintiffs argue Hoana has failed to provide proper evidence to support its argument because the unsigned Purchase Agreement is inadmissible. (Resp. at 2.) At this invitation from Plaintiffs, Hoana attached to its Reply the Purchase Agreement dated August 17, 2009, and which is executed by CMT *and* Hoana. (Reply, Ex. C.)[1]

Subsection (m) of the Purchase Agreements provides:

> Any dispute arising out of or in any way pertaining to this Agreement or any other agreement or document executed pursuant to or in connection with this Agreement shall be resolved by arbitration to be held in Honolulu, Hawaii, in accordance with the rules of the American Arbitration Association.

---

[1] Plaintiffs have not objected to this filing by Hoana.

5

Plaintiffs argue that the Letter Agreements "reflect[] the terms of the parties' specific negotiations," rather than the Purchase Agreements. (Resp. at 4.) Specifically, Plaintiffs argue that the Letter Agreements state that "CMT and Hoana agree that this Agreement shall supersede over any *conflicting terms* found in the Debenture, the Convertible Debenture Purchase Agreement dated August 3, 2009, any term sheet or any document or agreement ancillary to the foregoing." (Resp. at 4 (emphasis added).) Thus, Plaintiffs argue that as the Letter Agreements do not contain an arbitration clause, their terms conflict with the Purchase Agreement and the terms of the Letter Agreements prevail. (*Id.*)

Plaintiffs' argument is meritless. The Letter Agreements are *silent* on the issue of arbitration and therefore do not conflict with the Purchase Agreements, which expressly provide for arbitration. Accordingly, the Purchase Agreements, when read together with the Letter Agreements, unambiguously provide for arbitration in Hawaii and present no *conflict* on this term. Moreover, a reading of the Amended Complaint on this issue establishes that Plaintiffs are alleging that the Letter Agreements only essentially addressed a shorter term of payment of the loan than was originally proposed in the Purchase Agreements.

Furthermore, Plaintiffs' reliance on *AGCO Corp. v. Anglin*, 216 F.3d 589 (7th Cir. 2000) (*AGCO*), to support its argument is misplaced. In *AGCO*, the Seventh Circuit did not address the interpretation of conflicting contractual provisions but rather whether arbitrators went beyond the scope of the arbitration agreement. *Id.* at 593. The Seventh Circuit's holding that the parties did not intend for the arbitration clause to cover their controversy was based, in part, on the fact that the arbitration agreement "expressly

6

limited itself to disputes concerning either the Guaranties or other transactions between the two parties." *Id.* at 594.

Here, the arbitration provisions in the Purchase Agreements expressly apply to "any other document executed pursuant to or in connection with th[e] Agreement[s]." (*See* Mot., Ex. A ¶ 7(m).) As Plaintiffs concede, the Letter Agreements expressly reference the Purchase Agreements. (*See* Resp. at 4). Moreover, as set forth above, the Debenture was issued pursuant to the Purchase Agreements.

After a court determines whether there is an agreement to arbitrate, it must next consider whether the underlying dispute is within its scope. *See Flender Corp. v. Techna-Quip Co.*, 953 F.2d 273, 277 (7th Cir. 1992). Plaintiffs' Amended Complaint alleges two counts for breach of the "Agreement," which collectively refers to the Debenture and Letter Agreements. As set forth above, the Debenture and Letter Agreements were executed pursuant to and in connection with, respectively, the Purchase Agreements. Therefore, Plaintiffs' claims fall within the scope of the arbitration provision in the Purchase Agreements.

Accordingly, because the Purchase Agreements mandate arbitration in Honolulu, Hawaii, Hoana's Motion to Dismiss on the basis of improper venue is granted and Plaintiff's case is dismissed. *See Continental Casualty*, 417 F.3d at 733. In light of this holding, Hoana's arguments regarding the lack of personal jurisdiction are not addressed.

## CONCLUSION

For the reasons set forth above, Hoana's Motion to Dismiss pursuant to Rule 12(b)(3) [7] is granted. Plaintiffs' Complaint is dismissed in its entirety on the basis of improper venue.

Date: 10-27-11

JOHN W. DARRAH
United States District Court Judge